# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

VEDA DINESH MAHBUBANI,

                   Petitioner,

      v.

TODD BLANCHE, et al.,

                 Respondents.

Case No. 2:26-cv-08561-MBK

ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS

Petitioner Veda Dinesh Mahbubani, a native of Hong Kong, and a citizen of the United Kingdom, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Ms. Mahbubani was admitted into the United States in or around 2019, on an F-1 student visa. Petitioner completed her studies and obtained a post-completion Optional Practical Training ("OPT") employment authorization. Petitioner is also protected under the Deferred Enforced Departure ("DED") program for

Hong Kong residents, which was enacted on August 5, 2021, and is currently in effect through February 5, 2027.

On July 26, 2026, DHS officers arrested Ms. Mahbubani at Los Angeles International Airport ("LAX") while she was waiting to board a flight to New York. Ms. Mahbubani advised the officers that she was protected by DED, but they nonetheless took her into custody, denied her request to call her attorney, and transported her to downtown Los Angeles for processing. She was later transported to Adelanto Detention Facility, where she remains today. Ms. Mahbubani filed the instant habeas petition on August 3, 2026. In the Petition, Ms. Mahbubani argues that her sudden re-detention and continued confinement violate the Administrative Procedure Act under 5 U.S.C. § 706(2)(A), substantive due process, and procedural due process. Respondents filed an answer in which they concede that Petitioner is eligible to request a bond hearing under 8 U.S.C. § 1226(a), but oppose any further relief. Respondents do not substantively address the merits of Petitioner's due process or Administrative Procedure Act claims.

For the reasons that follow, the Court concludes that Petitioner's re-detention violates due process and the Administrative Procedure Act. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Ms. Mahbubani's immediate release.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Veda Dinesh Mahbubani is a native of Hong Kong and citizen of the United Kingdom. Dkt. 1 at 2. Petitioner entered the United States in or around 2019 with an F-1 student visa. *Id. See also* Dkt. 1-3. Petitioner was most recently admitted to the United States on her student visa on January 9, 2024, and has continuously remained in the country since then. Dkt. 1 at 2.

After completing her studies, Petitioner obtained a post-completion OPT employment authorization from the USCIS, which was valid until May 26, 2025. *Id. See also* Dkt. 1-3 at 40.

Petitioner is also subject to Deferred Enforced Departure ("DED") for Hong Kong residents. *Id.* Initially adopted on August 5, 2021, the DED program defers the removal of Hong Kong residents for 18 months. *Id.* The program has been extended twice since then, and is currently in effect until February 5, 2027. *Id. See also* Dkt. 1-4 through 1-6.

On July 26, 2026, Petitioner was at the Los Angeles International Airport, waiting to board her flight to New York. Dkt. 1 at 3. An individual in plains clothes approached her, informed her there had been a problem with her luggage, and that they needed to re-scan it. *Id.* He showed Petitioner a TSA badge and told her to accompany him to re-scan her bag. *Id.* Instead, the individual took her to a group of five other individuals in a corner, and indicated that they were DHS officers. *Id.* The officers informed Petitioner that she had overstayed her visa. *Id.* Petitioner advised them that she was protected by DED, explained that she had documentation of this on her phone, and asked to call her attorney. *Id.* The officers denied her request to call her attorney and indicated she would have an opportunity to do so "downtown." *Id.* The officers brought Petitioner to a vehicle and transported her to downtown Los Angeles. *Id.* While transporting her, the officers parked in a parking lot and let her know they were "researching the DED program and thought they could release her." *Id.* However, because they were unable to reach their attorneys on a Sunday, they detained Petitioner and again denied her request to contact her attorney. *Id.* Immigration authorities processed Petitioner and later transported her to Adelanto Detention Facility, where she has remained detained since. *Id.*

The Department of Homeland Security served Petitioner with a Notice to Appear ("NTA"), charging her as inadmissible under 8 U.S.C. § 1227(a)(1)(B) for overstaying her visa. Dkt. 7-2 ("NTA"). DHS initiated removal proceedings against Petitioner on July 28, 2026. Dkt. 1 at 4. *See also* Dkt. 1-7.

Petitioner filed the instant habeas petition on August 3, 2026. Dkt. 1. In the Petition, Ms. Mahbubani alleges her sudden re-detention and continued confinement violate the Administrative Procedure Act under 5 U.S.C. § 706(2)(A), substantive due process, and procedural due process. *Id.* at 9-19. Among other relief, Petitioner requests the Court grant her immediate release without any restrictions on her liberty and to prevent her re-detention by respondents due to her protection under DED. *Id.* at 19-20. On August 3, 2026, the Court issued General Order 26-05 and briefing schedule. Dkt. 5.

On August 7, 2026, Respondents filed an Answer to the Petition. Dkt. 7. In their Answer, Respondents argue that Petitioner's detention is permitted under 8 U.S.C. § 1226(a) and concede that Petitioner is eligible to request a bond hearing, but oppose any further relief. Respondents do not substantively address the merits of Petitioner's due process or Administrative Procedure Act ("APA") claims. Petitioner filed her reply on August 10, 2026. Dkt. 8.

## II.   DISCUSSION

Petitioner Mahbubani argues that her arrest and continued detention violate procedural and substantive due process and the Administrative Procedure Act. Respondents concede that Petitioner is entitled to request and receive a bond hearing under *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026), but do not address Petitioner's due process claims or APA claims.

4

Respondents generally argue that Petitioner's detention is authorized by 8 U.S.C. § 1226(a), but "the Due Process Clause of the Constitution may require greater procedural protections than a statutory or regulatory scheme provides when freedom from imprisonment is at stake." *Perez Bueno v. Janecka*, No. 5:25-cv-03376-CAS-BFM, 2026 WL 309934, at *3 (C.D. Cal. Feb. 5, 2026). Respondents' failure to meaningfully contest Petitioner's due process and Administrative Procedure Act claims in their Answer is therefore a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to

address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

Petitioner claims that her re-detention without notice or a pre-deprivation hearing violates due process under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Dkt. 1 at 15-19. Petitioner also argues that her detention is arbitrary and capricious in violation of substantive due process and the Administrative Procedure Act. Dkt. 1 at 9-15. This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents' non-opposition and the reasons stated in those decisions, the Court finds that Petitioner's re-detention violated due process.

Respondents argue that, to the extent there have been any violations of Petitioner's rights, the appropriate remedy is a bond hearing. Dkt. 7 at 3-4. "To the extent that respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument." *Luis Alfredo Barajas-Bautista v. Warden, Desert View Annex, et al.*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *1 (C.D. Cal. July 13, 2026); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *1 (C.D. Cal. July 27, 2026) (granting release where "Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner sought in the alternative and registered their opposition to any other form of

6

relief."). Where the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [ ] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "The court is 'not a roving commission' charged with making respondents' case for them." *Barajas-Bautista*, 2026 WL 2058433, at *1 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). As such, "respondents have not met their burden 'to show cause why the writ should not be granted.'" *Id.* (quoting 28 U.S.C. § 2243).

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is entitled to habeas relief on her Administrative Procedure Act and due process claims. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Veda Dinesh Mahbubani's (A# 141-405-315) immediate release without any restrictions on her liberty or conditions of supervision and prohibiting her re-detention while she has valid DED status; and (3) that Respondents file a status report within three (3) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

Dated: August 12, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

7